UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tammy Tisdell,

                     Plaintiff,

                                           Civ. No. 10-4357 (RHK/LIB)
                                           **ORDER**

v.

Sara Janowiak, Linnea Ames, and
Gregory Lange,

                     Defendants.

---

      This matter is before the Court *sua sponte*.

      Plaintiff commenced this action in October 2010, asserting numerous state and federal claims arising from harassment and so-called "terroristic threats." She named three defendants: her husband's ex-wife, Sara Janowiak, Janowiak's attorney, Gregory Lange, and Linnea Ames, who allegedly conspired with Janowiak. Neither Janowiak nor Ames has responded, but Lange has moved to dismiss all claims against him for failure to state a claim. Before taking up that motion, however, it came to the Court's attention that Plaintiff had failed to provide proof of service with respect to any of the Defendants even though more than 120 days had passed since her Complaint was filed. See Fed. R. Civ. P. 4(m). Accordingly, Plaintiff was ordered to provide proof of service or show good cause why she had not served Defendants. (Doc. No. 7.)

      Plaintiff has now responded to that Order. She explained that she has served Janowiak and Ames, and she attached certificates of service with respect to those two

Defendants.[1] She admits, however, that she has <u>not</u> served Lange, stating: "At this point I would be willing [to] dismiss the defendant Gregory Lange without Prejudice." (Doc. No. 9.) In light of this concession, and because more than 120 days have passed since the Complaint was filed and Lange has not been served, the claims against him will be dismissed. See Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** that (1) the Complaint (Doc. No. 1) is **DISMISSED WITHOUT PREJUDICE** with respect to Defendant Lange pursuant to Fed. R. Civ. P. 4(m); and (2) Defendant Lange's Motion to Dismiss (Doc. No. 3) is thus rendered **MOOT.**


Dated: April 26, 2011                s/Richard H. Kyle
                                     RICHARD H. KYLE
                                     United States District Judge

---

[1] Plaintiff's response also states: "I would ask for a default Judgement [sic] to be entered" against Janowiak and Ames, who were both apparently served on October 27, 2010, but have failed to respond to date. If Plaintiff wishes to pursue default judgments against these Defendants, she should bring an appropriate motion seeking such relief.